YATES, Judge.
Charles M. Hughes, the father, appeals from a judgment in favor of Mary L. Hughes, the mother. The issue is whether the trial court erred in refusing to modify, retroactively, the father’s child-support obligation.
The parties married in 1971. Two children were born of the marriage: B.M.H. on August 16, 1974, and M.L.H. on January 5, 1981. In January 1991, the mother petitioned for a divorce. The trial court, in April 1991, entered a divorce judgment, incorporating an agreement of the parties. The father was to pay $492.94 per month ■in child support.
On May 19, 1998, the State filed a contempt petition on behalf of the mother, alleging that the father had failed to pay child support. A hearing was held on the petition. On June 19, 1998, the court found that the father owed $30,446.08 in child support, plus interest in the amount of $12,737. The court ordered him to pay $2,000 within 30 days of the order, so as to purge himself of contempt; to pay $57.06 per month on the arrearage; and again ordered him to pay $492.94 -per1 month in child support. An income-withholding order was sent to the father’s employer, instructing the employer to withhold $550 per month for child support and for the arrearage. The father did not appeal from that judgment.
On February 19, 1999, the father filed a motion to modify, requesting the court to recalculate his child-support obligation, because B.M.H. had reached 19 years of age on August 16, 1993, and to recalculate the arrearage based on the new child-support amount. A hearing was set for March 23, 1999.
*637 Following a hearing, the trial court found the father $30,520.04 in arrears in child support, plus interest of $16,344.89. The court ordered the father to begin paying, pursuant to the child-support guidelines, $433 per month in child support for the remaining minor child, and to pay $117 per month toward the arrearage. An income-withholding order was issued. The father appeals, arguing that the court should have calculated the arrearage “as of August 16, 1993, applicable to the guidelines for one child.”
The father’s brief fails to substantially comply with Rule 28, Ala. R.App. P. It is not the function of this court to search a record on appeal to find evidence to support a party’s argument. Rule 28(a)(4); Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998). Additionally, it is not the function of the appellate court “to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.” Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994). The father does cite one case, Stinson v. Stinson, 729 So.2d 864, 867 (Ala.Civ.App.1998), dealing with the specific issue of calculating arrearages. However, that case does not support his argument that the arrearage should have been retroactive to August 16, 1993, the date the older child reached majority. In Stinson, this court made clear that under Rule 32(A)(3)(a), “the provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification.” (Emphasis added.) In the present case, the petition to modify was filed on February 19, 1999.
Accordingly, the judgment of the trial court is affirmed. Daniel v. Wilson, 626 So.2d 1277 (Ala.1993); Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889 (Ala.Civ.App.1991).
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.