This is an appeal from the trial court's final judgment in a divorce action.
David M. Schwartz filed a complaint for divorce from his wife, Doris Jean Schwartz, on March 6, 2000. The wife filed an answer and a counterclaim for divorce. We do not now recount the procedural history of this case because it is not relevant to our disposition of the matter on appeal. The trial court entered a final judgment of divorce on May 29, 2001. The wife appeals.
The husband has filed a separate motion to dismiss the wife's appeal, citing Rule 28, Ala.R.App.P. He argues in his brief to this court that he is unable to argue any issue on appeal because of the wife's noncompliance with Rule 28. He is correct.
The appellate brief of the wife contains no table of contents, no table of cases, no statement of a cognizable legal argument, no citations to the record, and no citation to any controlling legal authority. In short, there is absolutely no compliance with the requirements of Rule 28. The wife has filed her appeal pro se; however, a pro se litigant must comply with legal procedures and court rules. Black v. Allen,587 So.2d 349 (Ala.Civ.App. 1991). Courts are no more forgiving to pro se litigants than to those represented by counsel. Black, supra. Additionally, it has long been held that "[w]hen an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research." City of Birmingham v. BusinessRealty Inv. Co., 722 So.2d 747, 752 (Ala. 1998) (internal citations omitted). See also McLemore v. Fleming, 604 So.2d 353 (Ala. 1992); Stoverv. Alabama Farm Bureau Ins. Co., 467 So.2d 251 (Ala. 1985); and Ex parteRiley, 464 So.2d 92 (Ala. 1985).
The husband's motion to dismiss the appeal based on the wife's failure to comply with Rule 28 is hereby granted, and the appeal is dismissed.
APPEAL DISMISSED.
Yates, P.J., and Crawley and Thompson, JJ., concur. *Page 1019