Bonita Perry, a former employee of the Alabama Department of Corrections, appeals from a judgment of the Montgomery Circuit Court affirming a decision of the State Personnel Board upholding the termination of her employment on the basis that she had failed or refused to comply with her supervisor's instruction to obtain a completed questionnaire from her medical provider concerning her ability to perform her job functions after Perry claimed to have a "disability" within the meaning of the federal Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("the ADA").[1]
The text of Perry's brief on appeal reads as follows in its entirety:
 "Bonita S. Perry appeals ORDER entered by the Montgomery County Circuit Court on November 6, 2002, (CV-98-3287-SH) to uphold the Final Agency Action by the State Personnel Board (`SPB') upholding the dismissal of the Petitioner, Appellant, Bonita S. Perry, from her employment with the Alabama Department of Corrections (`DOC').
 "This appeal of final judgment of Circuit Court under Section 41-22-20 [, Ala. Code 1975,] is brought pursuant to Alabama Rules of Appellate Procedure, Ala. R.App. P., Rule 1.
 "Appellant requests appeal of Montgomery County Circuit Court ORDER that decision to uphold the Petitioner's dismissal is affirmed and case dismissed with prejudice. Appellant requests that Court of Civil Appeals overrule Judge Shashy finding that State Personnel Board (`SPB') upholding the dismissal of the Petitioner/Appellant, Bonita S. Perry, from her employment with the Alabama Department of Corrections (`DOC') was `reasonable' and that SPB decision to adoption [sic] the recommendation of Administrative Law Judge Meadows `that the Department had proved the charges forming the basis of the Employee's termination by "substantial evidence" was reasonable"in light of the business carried on" by the Department.'
 "Appellant is asking that the Court of Civil Appeals agree with Appellant's assertion that SPB and the DOC's actions in this matter were `unreasonable, arbitrary or capricious[,]' Screws v. Ballard, 574 So.2d 827 (Ala.Civ.App. 1990). Under this standard of review, Appellant believes the Circuit Court order upholding SPB's action should be overturned for the following reasons:
 "I. Appellant not afforded full post-termination due process hearing until 347 days after dismissal. Hearing postponed `indefinitely' by SPB Administrative Law Judge Meadows (ALJ) over employee's objections.
 "II. ALJ's Findings of Facts that `the evidence shows employee *Page 1039 
refused to provide the information' (RP 17) is clearly erroneous as shown in Appellant/Employee's `Plain Statement of Facts and Issues' (RP 43) to which there is no dispute by DOC (RP 39)
 "III. Also ALJ's Finding that `evidence shows DOC first became aware of Employee's disability during course of suspension hearing (February 13, 1997)' is also plainly in error as this information provided one year prior to on or about February 5, 1996 (RP 43)
 "IV. ALJ's refusal to recuse himself when requested by Appellant/Employee after ALJ's being informed that ALJ was a defendant in a federal complaint filed by Appellant (RP 42).
 "The above itemized in its totality is illustrative that ALJ was biased in his judgment and was acting arbitrarily, capricious and/or unreasonable [sic]. Further, Appellant relies on BRIEF AND ARGUMENT presented [by] Attorney for Petitioner submitted in Circuit Court of Montgomery County, Alabama, CV-98-3287. We, therefore ask that the ORDER of Montgomery County Circuit Court be overturned."
Rule 28(a), Ala. R.App. P., provides that an appellate brief must contain, among other things, a statement of the case, a statement of the issues, a statement of the standard of review, a summary of the argument, and an argument that contains "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, [and] other authorities" upon which the appellant relies. Perry's appellate brief contains no statement of the case, statement of the issues, statement of the standard of review, or summary of the argument, and her two-page argument cites one case for the general proposition that her termination was "`unreasonable, arbitrary or capricious.'" Moreover, there is no legal authority provided in support of Perry's contentions that holding her termination review hearing more than 10 months after her dismissal violated her due-process rights, that the Personnel Board's administrative law judge ("ALJ") made two allegedly unsupported factual findings, or that her naming the ALJ as a defendant in a federal lawsuit mandated the ALJ's recusal.
Although Perry has attempted to incorporate by reference the brief she filed in the circuit court, Rule 28 does not allow such a procedure. Rule 28(i), Ala. R.App. P., provides only for incorporation of arguments contained in other parties' appellate briefs, not for incorporation of briefs filed in circuit courts. The federal appellate courts, construing the analogous Rule 28 of the Federal Rules of Appellate Procedure, have uniformly disallowed incorporation by reference of briefs filed in federal district courts, which are equivalent to our circuit courts. SeeNorthland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448 (6th Cir. 2003) ("`[a] brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record,'" quoting DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999)); Gaines-Tabb v. ICI Explosives, USA, Inc.,160 F.3d 613, 623-24 (10th Cir. 1998); Toney v. Gammon, 79 F.3d 693, 696 n. 1 (8th Cir. 1996); Gilday v. Callahan, 59 F.3d 257, 273 n. 23 (1st Cir. 1995); Cray Communications, Inc. v. NovatelComputer Sys., Inc., 33 F.3d 390, 396 n. 6 (4th Cir. 1994);Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); and 16A Charles A. Wright et al., Federal Practice Procedure *Page 1040 
§ 3974.5, at 532-33 (3d ed. 1999). While the dissent correctly notes that we are not bound by such federal authorities, such authority is persuasive because our appellate rules are based on the Federal Rules of Appellate Procedure, which have been interpreted by the federal courts. See, e.g., Ex parte P HConstr. Co., 723 So.2d 45, 47 (Ala. 1998) ("we consider persuasive those federal cases construing Rules 3 and 4 of the Federal Rules of Appellate Procedure, which are very similar to Rules 3 and 4 of the Alabama Rules [of Appellate Procedure]").
We conclude that Perry's brief fails to substantially comply with Rule 28(a), Ala. R.App. P. "It is not the function of this court to search a record on appeal to find evidence to support a party's argument," and "it is not the function of the appellate court `to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.'" Hughes v. Hughes, 754 So.2d 636, 637
(Ala.Civ.App. 1999) (quoting Dykes v. Lane Trucking, Inc.,652 So.2d 248, 251 (Ala. 1994)). Where no authority is cited for an argument as to an issue, the trial court's judgment may be affirmed as to that issue. See Spradlin v. Birmingham AirportAuth., 613 So.2d 347 (Ala. 1993). Perry's brief provides no basis for concluding that there is no evidence to support the decision of the Personnel Board, which is the pertinent inquiry.State Dep't of Conservation Natural Res. v. State Pers. Bd.,637 So.2d 894 (Ala.Civ.App. 1994). Although Perry appears pro se in this court, and although counsel for the defendants in seeking an affirmance have not relied on the deficiencies in Perry's appellate brief, it is nevertheless true that "a pro se litigant must comply with legal procedures and court rules" and that "[c]ourts are no more forgiving to pro se litigants than to those represented by counsel." Schwartz v. Schwartz, 835 So.2d 1017,1018 (Ala.Civ.App. 2002).
Based upon Perry's failure to comply with Rule 28, Ala. R.App. P., the judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, J., concur.
MURDOCK, J., concurs in the result.
CRAWLEY, J., dissents.
[1] Regulation 222, Annex A, Ala. Admin. Code (Dep't of Corr.) provides for the sending of a letter to an employee who claims a disability under the ADA and for that employee to have his or her health-care provider fill out a four-question form seeking the health-care provider's opinions regarding the nature of the employee's claimed impairment and any possible accommodations thereof.