OPINION OF THE COURT
Richard S. Lane, J.
This motion raises the issue of validity of service of papers upon an attorney through a facsimile (fax) machine.
These machines have been around for many years, but recently they have become so sophisticated and user-friendly that they have become overwhelmingly the method of choice for the transmission of documents in today’s world. Indeed their use has become so widespread that business stationery now commonly carries a fax telephone number in addition to an ordinary one, and, in common usage, fax has been converted into a verb as well as an adjective and noun.
Startling as it may seem, however, no published opinion has been found considering the applicability of fax machines to the conduct of litigation. This motion compels me to do so.
*567 In June of this year I issued a common garden variety of conditional order in this case striking defendant’s answer unless it responded to interrogatories within 20 days of service of a copy of my order. In July plaintiffs counsel faxed a copy of my order to defendant’s counsel. Defendant’s counsel promptly rejected the faxed copy as incompatible with the CPLR, but promised anyhow that interrogatory responses would be forthcoming shortly. And they were indeed mailed in August — eight days late if faxing was valid service of my order. Now it was plaintiffs counsel’s turn — they rejected the interrogatories and noticed the case for inquest. This motion followed seeking to vacate the notice of inquest.
The governing provision of the CPLR providing for service of papers upon on attorney is rule 2103 (b) (3).
The language of rule 2103 (b) (3) renders useful a simplified explanation of how faxing functions. At the sending end an operator phones the intended recipient’s machine. If the recipient’s machine does not give a busy signal, the document is then transmitted and comes out of the recipient’s machine in much the same manner as with a copy machine. It then remains in a tray or other container along with prior and subsequent transmissions until picked up by the recipient.
Perhaps, literally reading CPLR 2103 (b) (3), there could now ensue controversy as to whether the recipient’s office is open, whether anyone is in charge, and whether the fax machine is a conspicuous place. I refuse, however, to engage in such Augustinian folly. Of course the office is open when the fax machine is receiving. If an operator is present, of course there is delivery. If no operator is present, of course the fax machine, which is visited regularly, is in a conspicuous place. Faxing patently satisfied the plain intent of the subdivision. Any other interpretation would war with the canon of construction contained in CPLR 104, and would justify the blunt observation about the law which Charles Dickens put in the mouth of Mr. Bumble in Oliver Twist.
To the extent that, accordingly, there was tardy compliance with the terms of my order, it was tardy by only a few days and I exercise my discretion under CPLR 2004 to extend the time allowed.
Motion to vacate notice of inquest granted, and let’s get on with the merits of this case.