622 So.2d 926 (1992)
Herbert D. McKAY
v.
Dan TUCK d/b/a Colony Pools.
2910394.
Court of Civil Appeals of Alabama.
October 16, 1992.
E. Paul Jones, Alexander City, for appellant.
William W. Lawrence of Wooten, Thornton, Carpenter, O'Brien and Lazenby, Talladega, for appellee.

ON APPLICATION FOR REHEARING
THIGPEN, Judge.
This court's original opinion, dated August 21, 1992, is withdrawn, and the following is substituted therefor:
Dan Tuck d/b/a Colony Pools (Tuck) sued Herbert D. McKay in the District Court of Talladega County in March 1991. The case was tried before the district court on December 18, 1991. On December 19, 1991, the court entered a judgment for Tuck, and the parties were notified by mail of the entry of the judgment.
*927 On January 2, 1992, McKay sent a facsimile machine (fax) copy of the notice of appeal and security for costs, along with a transmittal cover sheet, to the circuit clerk of Talladega County, Alabama. On the same day, McKay placed in the mail an original notice of appeal, together with the filing fee, for the appeal. The original was received by the circuit clerk on January 3, 1992.
Tuck filed a motion to dismiss the appeal on January 23, 1992, arguing that McKay's notice of appeal was filed beyond the 14-day period prescribed by Ala.Code 1975, § 12-12-70(a). On March 9, 1992, after a hearing, the circuit court granted Tuck's motion to dismiss the appeal sent by fax, holding in essence that the notice of appeal sent by fax was not a filing and that the notice of appeal received on January 3, 1992, was not timely.
Thus, the issue is whether the sending of a notice of appeal by fax from a district court to a circuit court satisfies the requirement of the Alabama Rules of Civil Procedure 5(e) of "filing ... with the clerk or register of the court."
This is a case of first impression in Alabama; however, the issue has been addressed by other states, as well as by the federal courts.
Judge Richard S. Lane, writing for the New York court in Calabrese v. Springer Personnel of New York, Inc., 141 Misc.2d 566, 534 N.Y.S.2d 83, 83 (N.Y. City Civ.Ct. 1988), opined:
"These machines have been around for many years, but recently they have become so sophisticated and user-friendly that they have become overwhelmingly the method of choice for the transmission of documents in today's world. Indeed their use has become so widespread that business stationery now commonly carries a `fax' telephone number in addition to an ordinary one, and, in common usage, `fax' has become converted into a verb as well as an adjective and noun.
"Startling as it may seem, however, no published opinion has been found considering the applicability of fax machines to the conduct of litigation. This motion compels me to do so."
Then, Judge Lane proceeded with a discussion of the practice of "faxing" in business. He concluded that "faxing" satisfied service requirements in the case before him.
The Arkansas Supreme Court amended its Rules of Civil Procedure by amending Rule 5(b) as follows:
"Where service is permitted upon an attorney under this rule, such service may be effected by electronic transmission, provided that the attorney being served has facilities within his office to receive and reproduce verbatim electronic transmissions, or such service may be made by a commercial delivery service which maintains permanent records of actual delivery."
In addition, the Legislature of Arkansas enacted legislation permitting court clerks to accept pleadings filed by fax. Act 58 of 1989; In the Matter of Changes to the Arkansas Rules of Civil Procedure, Supreme Court of Arkansas, 780 S.W.2d 334 (Ark. 1989).
Rule 5(e) of the Federal Rules of Civil Procedure has been amended as follows:
"(e) Filing With the Court Defined.... The filing of ... papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing day and forthwith transmit them to the office of the clerk.... Papers may be filed by facsimile transmission if permitted by rules of the district court, provided that the rules are authorized by and consistent with standards established by the Judicial Conference of the United States. The clerk shall not refuse to accept for filing any papers presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."
Similarly, in administrative appeals within the federal system, facsimile filing is recognized and common. A regulation at 5 *928 C.F.R. § 1201.22(d), entitled "Practices and Procedures for Merit System Protection Board," provides:
"Filing must be made with the appropriate Board office by personal delivery, by facsimile, or by mail." (Emphasis added.)
A regulation at 5 C.F.R. § 1201.114(c), entitled "Petitions for Review of Initial Decisions," provides:
"A petition for review ... must be filed with the Clerk ... by personal delivery, by facsimile, or by mail." (Emphasis added.)
In today's modern world, there appears to be no valid reason not to allow the filing of this notice of appeal from the district court to the circuit court by fax due to the circumstances of this case. As McKay aptly points out, Rule 1(c) of the Alabama Rules of Civil Procedure instructs that "[t]hese rules shall be construed to secure the just ... determination of every action." That instruction is best followed by accepting the notice of appeal by fax as properly filed, especially when the original was mailed the same day and received the day following.
For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded with instructions to restore the case to the trial docket.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs in result only.
ROBERTSON, Presiding Judge, concurring in result only.
I concur in the result only, because I see the issue as being whether the original notice of appeal must be filed, or whether a copy of the original notice of appeal and security for costs timely filed is sufficient to invoke the jurisdiction of the circuit court.
In this case the record reflects that the notice of appeal and the security for costs were "faxed" from Alexander City, Alabama, to Talladega with instructions on the transmittal sheet to "please take to clerk's office." The facsimile copy of the notice of appeal and security for costs was timely filed at 4:04 p.m. on January 2, 1992. An appeal exists only by the grace of either a statute or a supreme court rule and must be perfected within the time and in the manner therein prescribed or it must be dismissed. Crawford v. Ray & Pearman Lincoln Mercury, 420 So.2d 269 (Ala.Civ. App.1982). Section 12-12-70(a), Code 1975, provides that "[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment ..., together with security for costs as required by law or rule." This statute does not state that the notice must be an original; therefore, I would hold that the timely filing of a copy of a properly executed notice of appeal and security for costs would be sufficient to comply with the manner prescribed by § 12-12-70(a).
In ratifying the new Judicial Article of the Constitution, the people of this state mandated a unified court system with uniform rules. Cowin Equipment Co. v. Robison Mining Co., 342 So.2d 910 (Ala. 1977). The Judicial Article vested within the Supreme Court of Alabama the power and authority to make and promulgate rules governing the administration of the courts. Cowin. These rules can be changed only by a statewide act of the legislature or, of course, by the supreme court itself. Cowin.
While I may agree that it may be time for our supreme court to consider and promulgate a rule to allow facsimile filing, it must be done so as to ensure uniformity in all the courts and clerks' offices within the state. Cowin.