We granted Dan Tuck's petition for certiorari review of the judgment of the Court of Civil Appeals in McKay v. Tuck,622 So.2d 926 (Ala.Civ.App. 1992). We affirm.
Dan Tuck sued Herbert D. McKay in the District Court of Talladega County on March 4, 1991. On December 19, 1991, the district court entered a judgment in favor of Tuck and against McKay.
On January 2, 1992, McKay sent a facsimile transmittal sheet to the office of the circuit clerk of Talladega County; that transmittal included a copy of a notice of appeal from the district court to the circuit court. He also advised the circuit clerk's office that the original of the notice of appeal was being placed in the mail the same day. The clerk's office received the original notice of appeal on January 3, 1992. Tuck filed a motion to dismiss the appeal on January 23, 1992, arguing that McKay's notice of appeal was untimely — specifically, that it was not filed within the 14-day period prescribed by Ala. Code 1975, § 12-12-70(a).
The circuit court granted Tuck's motion to dismiss. The Court of Civil Appeals reversed the circuit court's judgment of dismissal. We address the following issue of first impression: Whether sending, by facsimile, a copy of a notice of appeal from district court to circuit court satisfies the Rule 5(e), A.R.Civ.P., requirement of "filing with the clerk or register of the court."
Notably, the question of whether a facsimile transmittal can be used as a form of filing raises questions of monumental public importance. Because the use of facsimile machines has become so pervasive, and because the modern world has become so technologically demanding, it is not surprising that we should have to consider this question. Although we have not previously addressed this question, courts in a few states, as well as the federal courts, have addressed it. Rule 5(e), F.R.Civ.P. provides:
 "(e) Filing With the Court Defined. [Effective until Dec. 1, 1991. See, also, subd. (e) below.]
The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, *Page 930 
except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.
 "(e) Filing with the Court Defined. [Effective on Dec. 1, 1991. See, also, subd. (e) above.] The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. Papers may be filed by facsimile transmission if permitted by rules of the district court, provided that the rules are authorized by and consistent with standards established by the Judicial Conference of the United States. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."
See also Matter of Changes to Ark.R. of Civ.Proc.,780 S.W.2d 334 (Ark. 1989), In re Amendments to the Fla. Rules ofCiv.Proc., 604 So.2d 1110 (Fla. 1992), Fitcher v. Board ofEnvironmental Protection, 604 A.2d 433 (Me. 1992), andCalabrese v. Springer Personnel of New York, Inc., 141 Misc.2d 566,534 N.Y.S.2d 83 (N.Y. City Civ. Ct. 1988).
Tuck argues that the focus of the issue is not on the reliability of facsimile machines and facsimile transmissions, but whether McKay complied with the Rules of Civil Procedure — specifically Rule 5(e) and Ala. Code 1975, § 12-12-70(a).
Ala. Code 1975, § 12-12-70(a), provides:
 "Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later, or, if the appeal is to an appellate court, within the time prescribed by the Alabama Rules of Appellate Procedure, together with security for costs as required by law or rule."
After reviewing the record and the briefs, and after hearing the oral arguments of both parties, we conclude that no person was misled or prejudiced by the facsimile filing of the notice of appeal. Additionally, we note that the circuit clerk's office was notified that the original notice of appeal was being placed in the mail on the same day, and that that office did receive the original notice of appeal the next day. Rule 1(c), A.R.Civ.P., provides that the Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." Therefore, for purposes of this appeal, we will treat the facsimile copy of the notice of appeal transmitted on January 2, 1992, as a timely filing, and we affirm the judgment of the Court of Civil Appeals.
This Court has referred the whole subject of facsimile filings, including notices of appeal, to its Standing Committee on the Rules of Civil Procedure and its Standing Committee on the Rules of Appellate Procedure. As of now, we have not received a report from these committees.
We offer the following caveat to the Bar: The notice of appeal from the district court to the circuit court in this case is treated as a proper and timely filing. Likewise, other filings attempted by facsimile transmission in reliance on the opinion of the Court of Civil Appeals will be taken as proper on the same basis through the period ending July 31, 1993. After that date we will not recognize facsimile transmissions as filings, within the meaning of our rules of court or the statutes of this state, except as statutes or rules may specifically authorize "filing" by facsimile transmission. The Alabama rules of court do not presently specifically authorize any "filings," either of notices of appeal or any other documents, by facsimile transmissions.
For the foregoing reasons, the judgment of the Court of Civil Appeals is affirmed.
AFFIRMED. *Page 931 
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.