# Supreme Court of the Navajo Nation

**Judy Yazzie and Marilyn Litson,**
**Defendants/Appellants,**
v.
**Edward Nelson Catron,**
**Plaintiff/Appellee.**
**Decided June 23, 1999**

## OPINION

Before AUSTIN, Acting Chief Justice, FERGUSON and HOLGATE, Associate
Justices sitting by designation.

Leonard Tsosie, Esq., Window Rock, Navajo Nation (Arizona), for the
Defendants/Appellants; and Samuel Pete, Esq., Shiprock, Navajo Nation (New
Mexico), for the Plaintiff/Appellee.

Opinion delivered by AUSTIN, Acting Chief Justice.

The issue in this case is whether a notice of appeal submitted by facsimile
machine ("fax") to the Court is a valid, timely filing under the Navajo Rules of
Civil Appellate Procedure. We conclude that the faxed notice of appeal is
invalid; therefore, we dismiss this appeal for lack of jurisdiction.

I

On January 27, 1997, the Window Rock District Court rendered its decision in
this case. Under Rule 8(a) of the Navajo Rules of Civil Appellate Procedure, the
due date for filing the notice of appeal with this Court would have been 5:00 p.m.
on February 26, 1997. The Appellants' counsel submitted the notice of appeal
via fax at approximately 5:00 p.m. on February 26, 1997. A certified copy of the
district court's final decision and the filing fee were tendered in person at approx-
imately 5:00 p.m. on the same day. In the faxed notice of appeal, the Appellants'
counsel stated: "I am faxing a notice of appeal for the Yazzie v. Catron case.
Please file. I will send the originals. Thank you." The original notice of appeal
was received and stamped by the Supreme Court Clerk on February 28, 1997,
thirty-two days after the district court's final decision.

## II

Rule 4(a) of the Navajo Rules of Civil Appellate Procedure requires that "[a]ll filings, except those provided by Rule 9 [Record on Appeal], *shall consist of an original* and four (4) copies." (Emphasis added). Thus, the rule calls for an original to be submitted. The Supreme Court Clerk files all the originals in a distinct folder which becomes the Court's official record. Copies are only accepted as supplements to the original. By its very name, a facsimile is a duplicate, and not an original. Although the copy of the notice of appeal was apparently submitted on time, the original notice of appeal was filed thirty-two days after the district court rendered its decision.

This Court has long held that a notice of appeal, filed after the thirty-day limit, will be dismissed for lack of jurisdiction. A brief review of our decisions over the last twenty years shows at least fifteen opinions and twelve orders advocating this rule. One of the most factually relevant of these decisions is also one of the most recent. *See LeCompte v. Redhair*, 7 Nav. R. 307 (1997). In *LeCompte*, this Court offered guidance on the status of submission of copied material with a notice of appeal. There, the appellant submitted, with his notice of appeal, a photocopy of the certified copy of the final judgment. We responded as follows:

> Certified copy means a copy (normally photocopied) of a document signed by the clerk under whose custody the record is kept attesting to it as a true copy. The clerk's original signature or marking must be on the copy itself. A copy of the clerk's signature and certification (copy of certification) will not suffice.

*Id.* at 309. Thus, this Court has rejected photocopied materials in a notice of appeal, which brings into serious doubt the general acceptability of facsimile documents.

The general rule of other jurisdictions regarding the faxed submission of documents to the court is that faxes will be accepted if the respective court's rules explicitly permit the practice. *See, e.g.*, Fed. R. Civ. P. 5(e) (1999); Fed. R. App. P. 25(a)(2)(D) (1999). We also note the Ninth and Tenth Circuits' rules on fax submissions. The Ninth Circuit does not permit fax submissions except in emergency situations[1] and the Tenth Circuit does not permit it without authorization except in death penalty cases.[2]

## III

We will not accept a notice of appeal submitted by fax at the present time. Our

---

1. Ninth Cir. R. 25-3.1 states, in part, as follows: "The Court does not accept for filing documents transmitted directly by telephone facsimile machine ("fax"), except in extreme emergencies. ... Any party who transmits a document to the court without authorization may be sanctioned."

2. Tenth Cir. R. 25.3 states as follows: "Except in a death penalty case with a scheduled execution date, papers may not be filed by fax without prior authorization by the clerk."

civil appellate rules require an "original" notice of appeal, per Rule 4(a). This rule does not permit a notice of appeal to be submitted as a copy. *See LeCompte v. Redhair*, 7 Nav. R at 309. We will not accept a photocopy of a certified copy of a final judgment; likewise, we cannot accept a copy of a notice of appeal. *See id.*

The cases of *Ex parte Tuck*, 622 So.2d 929 (Ala. 1993), and *Fichter v. Board of Environmental Protection*, 604 A.2d 433 (Me. 1992), are similar to our case. Both courts struggled with the question of whether a faxed notice of appeal would be a valid, timely filing. The *Tuck* court held that filing by fax was valid as a timely filing, 622 So.2d at 930, while the *Fichter* court held to the contrary, 604 A.2d at 435-36. We find the language in *Fichter* instructive: "Because a fax copy does not bear the required original signature of an attorney of record, the existing rules do not authorize the filing of a notice of appeal ... by fax." 604 A.2d at 435. Our civil appellate rules require an "original," and it must bear the original signature of counsel of record or the appellant. Rules 4(a) and 7(c). The faxed appeal in this case has a photocopied signature, which is unacceptable. We further instruct those submitting notices of appeal that just as an original signature is required, the certificate of service on the notice of appeal must also be an original.

As noted in the Federal Rules of Appellate Procedure, concern over the technological capabilities of the fax machines used should be of some importance, and this Court cannot turn a blind eye to the shortcomings of these devices. See Fed. R. App. P. 25(a) (2) (D). At present, facsimile transmissions to this Court harbor too many unknowns, any of which might hamper the goals of justice: the exact time and date of receipt of a fax on the Supreme Court's fax machine cannot be established with any certainty, nor is the fax clock synchronized with the official Court clock; there is no back-up fax machine should the Court fax machine fail or reject an incoming fax; and the quality of the sending and receiving fax machines sometimes do not promote legibility.

Additionally, we take this opportunity to reiterate that a notice of appeal is comprised of three elements: the original notice of appeal; the filing fee; and an originally certified copy of the final judgment being appealed. NRCAP 7(a). These items must be submitted contemporaneously; additionally, the certified copy of the final judgment must be attached to the notice of appeal. *Id.* In this case, the notice of appeal was faxed, whereas the certified copy of the judgment and the filing fee were submitted in person. Consequently, the notice of appeal was fragmented into two sections and submitted at two distinct times and places.

The job of the Supreme Court Clerk in assembling an appellate record is already a time consuming task. The clerk must piece together notices, orders, motions, briefs, trial court records, and the like. To add the additional burden of trying to assemble a fragmented notice of appeal does little for judicial economy, when our rules require just three simple elements in an appeal. Indeed, the present case begs the question of why counsel, who had the certified copy of the final judgment and the filing fee personally delivered to the Court, opted to fax the actual notice of appeal, rather than simply submitting it with the other two ele-

ments. Only an original notice of appeal, with an originally certified copy of the final judgment attached, and a filing fee paid at the time of filing, will invoke this Court's jurisdiction.

We warn all persons who practice law within this jurisdiction to be mindful of this decision, as ignoring it may endanger their client's appeal. An attorney who faxes a notice of appeal to this Court in defiance or ignorance of this opinion may be sanctioned by this Court.

## IV

Given the above discussion, we must also extend this decision to include all other motions and submissions to this Court. To forbid faxed notices of appeal, but then to permit the faxing of motions and other submissions, would be contradictory. We do not, however, wish to immediately grind our justice system to a halt in implementing this decision. We will therefore accept faxed motions and submissions, excluding notices of appeal, to this Court until 5:00 p.m., July 30, 1999. After that date, we will not accept any documents faxed to this Court; only originals will be accepted. Not until our court rules specifically prescribe the use of fax machines will we accept, and make determinations of, faxed submissions.

For the foregoing reasons, we dismiss this case for lack of jurisdiction.