In September 2005, the Shelby County Department of Human Resources ("DHR") filed a petition in the Shelby Juvenile Court alleging that a minor child, A.T.M.U. ("the child"), was dependent because, among other reasons, the child's mother, L.M. ("the mother"), and the child's father, B.U. ("the father"), were unwilling or unable to discharge their responsibilities to the child. In that case, which was assigned case no. JU-05-647.01, the juvenile court determined that the child was dependent and placed the child in the legal custody of DHR. Subsequently, in June 2006, DHR filed a petition to terminate the parental rights of the mother and the father based upon substantially similar allegations to those made in the dependency petition; the action commenced by the termination petition was assigned case no. JU-05-647.02. After an ore tenus proceeding on March 1, 2007, the juvenile court entered a judgment in case no. JU-05-647.02 on April 4, 2007, terminating the parental rights of the mother and the father.
On April 10, 2007, the mother, acting pro se, filed a motion alleging that she had been unable to personally attend the ore tenus hearing because, at the time of the *Page 506 
hearing, she had been involuntarily hospitalized, that her presence at the hearing would have resulted in a different judgment, and that she was a fit parent. The mother's motion purported to invoke both Rule 59(e) and Rule 60(b), Ala. R. Civ. P., as authority; however, because the mother's motion was filed within the time for filing a motion to alter, amend, or vacate the juvenile court's termination judgment and because it both sought and stated grounds for alteration, amendment, or vacation of the judgment rather than for relief from the judgment, that motion is properly deemed a Rule 59(e) post-judgment motion.[1] See Dubose v. Dubose,964 So.2d 42, 45 (Ala.Civ.App. 2007) (although litigant's motion cited Rule 60(b), that motion was held to be a motion filed pursuant to Rule 59(e) when it "was filed within 30 days of the entry of the judgment and requested, consistent with Rule 59(e), that the judgment be vacated"). Also, although the mother's motion challenged the correctness of the April 4, 2007, judgment entered in case no. JU-05-647.02, the motion was captioned with the case numbers of both cases.
Under Rule 1(B), Ala. R. Juv. P., post-judgment motions in juvenile cases are to be filed within 14 days after the entry of judgment "and shall not remain pending for more than 14 days," i.e., "[a] posttrial motion is deemed denied if not ruled on within 14 days of filing." The mother's timely postjudgment motion was not expressly ruled upon by the juvenile court by April 24, 2007; thus, that motion was denied by operation of law as of that date. On May 7, 2007, 13 days later, the mother sent a document via facsimile transmission to the juvenile-court clerk's office that purported to be a notice of appeal to this court and a request for in forma pauperis status in both juvenile-court cases. The case-action-summary sheet in both cases reflects that the mother was informed by telephone on May 13, 2007, that the notice of appeal would have to be mailed to the clerk; however, the record does not indicate that any other effort was thereafter made to file the notice of appeal.
After the juvenile-court clerk received mother's facsimile transmission, the court files in both cases were sent to the juvenile-court judge to whom the cases had been assigned, who later returned them to the juvenile-court clerk's office with a handwritten notation questioning whether a valid notice of appeal had been filed and suggesting that the document the mother had sent via facsimile transmission should be sent to this court for our examination. Both the mother and DHR filed "letter briefs" regarding this court's jurisdiction; although the appeal was thereafter allowed to, proceed, we note that such permission "does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record." Smith v.Smith, 919 So.2d 315, 316 n. 1 (Ala.Civ.App. 2005);see also Wallace v. Tee Jays Mfg. Co., 689 So.2d 210,211 (Ala.Civ.App. 1997) (noting this court's policy of taking notice of jurisdictional matters at any time, even ex meromotu).
Both Rule 4(a), Ala. R.App. P., and Rule 28(C), Ala. R. Juv. P., require that for a party to appeal from a final judgment of a juvenile court, that party must file a notice of appeal within 14 days of the entry of that judgment or, if postjudgment motions are filed, within 14 days after the disposition of those motions. In this case, the mother had until May 8, 2007, to file a *Page 507 
notice of appeal from the juvenile court's judgment in case no. JU-05-647.02, i.e., 14 days after the denial of her postjudgment motion.[2] We now consider whether the mother did so.
In Ex parte Tuck, 622 So.2d 929 (Ala. 1993), the Alabama Supreme Court, reviewing a judgment of this court, considered the efficacy of a party's sending, via facsimile transmission, a copy of a notice of appeal to the clerk of a circuit court sought to be taken from a judgment that had been entered by a district court. The Supreme Court in Ex parteTuck affirmed this court's judgment and thereby permitted the appeal in that case to proceed in the circuit court, adding that "other filings attempted by facsimile transmission in reliance on the opinion of the Court of Civil Appeals will be taken as proper on the same basis through the period ending July 31, 1993." 622 So.2d at 930. However, the Supreme Court simultaneously warned that "[t]he Alabama rules of court do not presently specifically authorize any `filings,' either of notices of appeal or any other documents, by facsimile transmissions" and specifically stated that after July 31, 1993, "we will not recognize fac-simile transmissions as filings, within the meaning of our rules of court or the statutes of this state, except as statutes or rules may specifically
authorize `filing' by facsimile transmission." Id.
(emphasis added).
Although the Supreme Court has since held that motions and notices of appeal that have been sent via facsimile transmissionto third parties, such as attorneys' offices, may be printed by those third parties and filed with trial-court clerks, [3] the principal holding of Ex parte Tuck
remains in place: a party cannot "file" a notice of appeal or other paper with an Alabama court clerk by transmitting it to the clerk's office by facsimile transmission. In the mother's "letter brief filed in this court regarding jurisdiction, she concedes that she filed the notice of appeal "only . . . via facsimile" transmission and that "an original copy . . . was never received" by the juvenile-court clerk; thus, her conduct falls squarely within that described as improper in Ex parteTuck. Had the mother heeded the advice she was apparently given by an employee of the juvenile-court clerk and mailed an original notice of appeal (or a copy) to the clerk's office on the same day that she had attempted to "file" it by facsimile transmission, that mailed document might well have been timely received and filed on the 14th and final day after the entry of the juvenile court's judgment in case no. JU-05-647.02. However, in light of Ex parte Tuck, the mother's failure to make any other effort to comply with Rule 4(a), Ala. R.App. P., and Rule 28(C), Ala. R. Juv. P., other than to send a notice of appeal to the juvenile-court clerk by facsimile transmission compels this court to conclude that the mother did not timely file a notice of appeal so as to invoke this court's appellate jurisdiction.
Although we recognize that the mother was not represented by counsel at the time she attempted to appeal from the juvenile court's judgment, it is well settled that "[r]ules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel." Lockettv. A.L. Sandlin *Page 508 Lumber Co., 588 So.2d 889, 890 (Ala.Civ.App. 1991).
Based upon the foregoing facts and authorities, we conclude that the mother failed to timely invoke this court's appellate jurisdiction. Therefore, we dismiss the appeal. See
Rule 2(a)(1), Ala. R.App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
[1] Subsection (A) of Rule 1, Ala. R. Juv. P., provides that if no procedure is specifically provided by statute or in the Rules of Juvenile Procedure, the Alabama Rules of Civil Procedure are applicable.
[2] The juvenile court did not enter any pertinent orders or judgments in case no. JU-05-647.01 from which the mother could have appealed on May 7, 2007, we have deleted that case number from this court's caption.
[3] Dunning v. New England Life Ins. Co.,890 So.2d 92, 96-97 (Ala. 2003) (notice of appeal); Williams v. BICCorp., 771 So.2d 441, 444-15 (Ala. 2000) (postjudgment motion).