PITTMAN, Judge.
D.K.M. (“the mother”) seeks appellate review of an order entered by the Madison Juvenile Court in a paternity action on March 23, 2010, 54 days after the January 28, 2010, filing of a postjudgment motion by R.M., Jr. (“the father”). We dismiss the appeal with instructions.
In June 2009, the mother filed a civil action in the juvenile court naming the father as a defendant and seeking a determination of paternity as to a child born to the mother in November 2008; the mother also sought sole custody of the child and an award of child support. The father answered the complaint, sought dismissal of the action, and asserted a claim for attorney fees and expenses, averring that a similar action was pending in Georgia. The juvenile court, after conferring with the pertinent Georgia court as provided for in Ala.Code 1975, § 30-3A-317, a part of the Uniform Interstate Family Support Act, Ala.Code 1975, § 30-3A-101 et seq., determined that it had jurisdiction, denied the motion to dismiss, determined the father’s paternity of the child, and reserved custody and support issues for a later hearing. After that hearing, the father filed a motion seeking a finding of contempt against the mother for allegedly having failed to allow the father pendente lite visitation with the child.
On January 28, 2010, after having solicited a form judgment from counsel for the mother, the juvenile court entered a judgment determining, among other things, the father’s paternity, the parties’ joint legal custody of the child, the mother’s sole physical custody of the child, the father’s visitation rights, and the father’s prospective and retroactive child-support obligations; the court denied all other claims asserted by the parties. That judgment provided, in pertinent part, that the father was initially to have visitation “at the Family Services Center in Huntsville” on two Sundays per month and that, after a three-month minimum transition period of con *772 secutive visits at that location, he would gain expanded visitation rights.
On the same day that the juvenile court’s judgment was entered,[1] the father, apparently acting upon the language contained in the proposed form judgment, filed a motion labeled “Motion to Vacate, Alter or Amend Order” in which he requested that the juvenile court state in its judgment that (1) initial visitations by the father could take place at a site other than the Family Services Center should that facility not be available on a scheduled visitation day and (2) that the father’s rights to expanded visitation would not be affected by any acts on the part of the mother to interfere with his initial visitation. That motion cited Rule 59(e), Ala. R. Civ. P., which pertains to motions to alter, amend, or vacate a judgment, as authority for its filing. Although the father’s motion also cited subsections (3) and (6) of Rule 60(b), Ala. R. Civ. P., which pertain to relief from a judgment based, respectively, upon grounds of fraud, misrepresentation, or other, misconduct of an adverse party or, alternatively, for “any other reason” than those specified in other subsections of Rule 60(b), the motion was filed within the time limitation for filing a postjudgment motion to alter, amend, or vacate a judgment under Rule 59(e), Ala. R. Civ. P., as applicable in juvenile court (i.e., 14 days, see Rule 1(B), Ala. R. Juv. P.) and expressly “move[d]” the juvenile court “to vacate, alter or amend” the judgment in a manner consistent with Rule 59(e). Thus, the motion is properly deemed one under Rule 59(e). See, e.g., Ex parte Johnson, 715 So.2d 783 (Ala.1998); L.M. v. Shelby County Dep’t of Human Res., 999 So.2d 505, 506 (Ala.Civ.App.2008); Dubose v. Dubose, 964 So.2d 42, 45 (Ala.Civ.App.2007); and Simmons v. Simmons, 390 So.2d 622, 623-24 (Ala.Civ.App.1980).
On January 29, 2010, the juvenile court set the father’s “Motion to Vacate, Alter or Amend Order” for a hearing to be held on March 16, 2010. However, under Rule 1(B) Ala. R. Juv. P., postjudgment motions in juvenile cases “shall not remain pending for more than 14 days”; thus, “[a] postjudgment motion is deemed denied if not ruled on within 14 days of filing.” See also L.M., 999 So.2d at 506. Pursuant to Rule 1(B), the father’s postjudgment motion was denied on February 11, 2010. Although the father attempted to amend his motion on February 22, 2010, that purported amendment, having been filed after the motion it sought to amend had been denied, was of no effect. See Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell 430 So.2d 426, 428 (Ala.1983). Despite the operation of Rule 1(B), however, the juvenile court entered an order on March 23, 2010, purporting to amend its previous judgment so as to allow the father “make-up” visitation should the Family Services Center be unavailable for a scheduled visitation.
The mother timely appealed from the juvenile court’s March 23, 2010, order. See Rule 4(a), Ala. R.App. P., and Rule 28(C), Ala. R. Juv. P. The mother contends, in her brief on appeal, that the March 23, 2010, order was void. In light of Rule 1(B), Ala. R. Juv. P., we agree with the mother that the juvenile court lost any jurisdiction it might have had to alter, amend, or vacate its judgment in response *773 to the father’s postjudgment motion on February 11, 2010, rendering its March 23, 2010, order void. See Colburn v. Colburn, 510 So.2d 266, 267 (Ala.Civ.App.1987); S.D.C. v. N.L., 864 So.2d 1089, 1090-91 (Ala.Civ.App.2002). On the authority of Colburn and S.D.C, we dismiss the mother's appeal as having been taken from a void order, and we direct the juvenile court to vacate its order of March 23, 2010.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. Whether the judgment was entered before or after the father filed his motion is unclear from the electronic case-action-summary sheet, which shows two potential judgment '‘entry” times on January 28, 2010, but the actual sequence is immaterial; under Alabama law, a "postjudgment” motion submitted to a court before the entry of a judgment in a civil action will be deemed filed as of the subsequent entry of that judgment. See New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 72 (Ala.2004).