DONALDSON, Judge.
The maternal grandparents of B.J.T. (“the child”), T.E.T. and M.R.T. (“the grandparents”), appeal the judgments of the Madison Juvenile Court (“the juvenile court”) in two separate cases. For the reasons set forth below, we dismiss the appeal insofar as it addresses one case, and we affirm the juvenile court’s judgment entered in the other case.
On May 6, 2011, the juvenile court entered an order in case no. JU-11-1712.01 (“the .01 case”), finding the child to be dependent and vesting temporary custody of the child with the grandparents. At the time the judgment was entered in the .01 case, A.T. (“the mother”) was living with the child and the grandparents in their home and was in agreement with the custodial arrangement. No father is listed on the child’s birth certificate, and no one has attempted to intervene as the child’s father in any of the proceedings involved in this appeal.
On September 17, 2013, the mother filed a petition seeking custody of the child, which the juvenile-court clerk docketed as case no. JU-11-1712.02 (“the .02 case”). In the petition, the mother asserted that the grandparents had forced her to leave their home in August 2012 and that they had restricted her access to the child. The mother also asserted that her circumstances had changed since the entry of the order in the .01 ease, specifically asserting that she was now married, employed, and pregnant with the child’s half sibling and that she could provide for the child.
*260 On December 5, 2013, the parties filed in the .02 case a settlement agreement that they had entered into. Pursuant to the agreement, the grandparents agreed that the mother would have sole legal and sole physical custody of the child. On December 17, 2013, the juvenile court entered a consent judgment incorporating the parties’ settlement agreement in the .02 case. There was no determination made in the consent judgment regarding whether the child was still dependent, and, for purposes of this appeal, there is no need for this court to address whether the judgment vesting sole legal and sole physical custody of the child with the mother is inconsistent with a finding of dependency.
On October 19, 2015, the grandparents filed an “emergency modification of custody” without counsel, which the juvenile-court clerk docketed as JU-11-1712.03 (“the .03 case”). On November 17, 2015, after a hearing, the juvenile court denied the grandparent’s motion in the .03 case.
On December 1, 2015, the grandparents filed in the .02 case a “Motion to Set Aside Custody Modification Order,” in which the grandparents sought relief under Rule 60, Ala. R. Civ. P., from the December 17, 2013, consent judgment. The grandparents asserted that the mother had lacked “standing” to seek to modify or to terminate the May 6, 2011, order entered in the .01 case and that, therefore, the December 17, 2013, consent judgment entered in the .02 case was void. The grandparents also asserted that, even if the mother had possessed “standing,” the juvenile court had incorrectly applied the “best interest” standard rather than the custody-modification standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), when it entered the consent judgment in the .02 case. On that same day, December 1, 2015, the grandparents filed a “motion for new trial, to alter, amend, or vacate order, and to set aside custody modification order” directed to the November 17, 2015, order entered in the .03 case. The juvenile court did not rule on either of the grandparents’ December 1, 2015, motions. On December 28, 2015, the grandparents filed a notice of appeal to this court, indicating that they sought to appeal the orders entered in the .02 case and in the .03 case. One appeal, with one appellate case number, was docketed.
At the outset, we must determine whether this court has jurisdiction to consider the grandparents’ appeal, because “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
We construe the grandparents’ motion filed in the .03 case on December 1, 2015, as a motion filed pursuant to Rule 59, Ala. R. Civ. P., because it was filed within 14 days of the entry of the order it is directed to and it seeks to alter, amend, or vacate that order or a new trial. See Rule 59(a) and (e), Ala. R. Civ. P., and Rule 1(B), Ala. R. Juv. P.; see also L.M. v. Shelby Cty. Dep’t of Human Res., 999 So.2d 505, 506 (Ala.Civ.App.2008)(constru-ing postjudgment motion in a juvenile matter as having been filed pursuant to Rule 59 because it was filed within 14 days of the entry of the judgment it was directed to and because it requested that the judgment be altered, amended, or vacated). That motion was denied by operation of law on December 15, 2015. See Rule 1(B), Ala. R. Juv. P. However, the grandparents’ December 1, 2015, motion filed in the .02 case sought to set aside a judgment that had been entered almost two years before, in December 2013. We construe that motion as a motion filed pursuant to Rule 60(b), Ala. R. Civ. P. That motion was not denied by operation of law pursuant to *261 Rule 1(B), Ala. R. Juv. P., and remains pending.
“While a postjudgment motion tiled pursuant to Rule 50, 52, 55, or 59 cannot remain pending in the juvenile courts for more than 14 days, J.S. v. S.W., 702 So.2d 169 (Ala.Civ.App.1997), a Rule 60(b) motion for relief from judgment is not deemed denied by operation of law under Rule 1(B), Ala. R. Juv. P.”
Ex parte R.S.C., 853 So.2d 228, 234 (Ala.Civ.App.2002). Because the grandparents’ motion for relief pursuant to Rule 60(b) filed in the .02 case remains pending in the juvenile court, this court lacks jurisdiction to consider the portion of the grandparents’ appeal that arises from the .02 action. Accordingly, we dismiss the grandparents’ appeal in part.
The grandparents’ brief on appeal raises arguments attacking only the validity of the December 17, 2013, consent judgment entered in the .02 case, which is the judgment addressed in their Rule 60(b) motion that remains pending in the juvenile court. Therefore, because they have failed to raise any arguments in their appellate brief regarding any alleged error of the juvenile court in the .03 case, the grandparents have waived any arguments regarding the propriety of the judgment entered in the .03 case or the denial of the Rule 59 motion filed in the .03 case. Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982)(“When an appellant fails to argue an issue in its brief, that issue is waived.”). Because the grandparents have waived any arguments relative to the .03 case they might have on appeal, we affirm the judgment in that case. Because we do not have jurisdiction to consider the grandparents’ appeal as it relates to the .02 case, we dismiss the appeal as to that case.
The mother’s request for an award of attorney’s fees on appeal is denied.
APPEAL DISMISSED AS TO CASE NO. JU-11-1712.02; JUDGMENT ENTERED IN CASE NO. JU-11-1712.03 AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.