Rel: May 15, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0536

_____

**Kayla Dykes**

**v.**

**Joshua Dykes**

**Appeal from Dallas Circuit Court**
**(DR-24-900056)**

BOWDEN, Judge.

Kayla Dykes ("the wife") appeals from the February 25, 2025, judgment of the Dallas Circuit Court ("the circuit court") divorcing her from Joshua Dykes ("the husband") and, among other things, awarding the husband sole physical custody of their minor child, K.E.D. ("the

child"). The wife raises several issues on appeal, including that the circuit court lacked subject-matter jurisdiction to make an initial child-custody determination regarding the child under Alabama's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), Ala. Code 1975, § 30-3B-101 et seq.

We do not reach the merits of the wife's arguments, however, because she failed to timely invoke this court's appellate jurisdiction by filing a notice of appeal within 42 days of the entry of the February 25, 2025, divorce judgment. The wife did send an e-mail to an employee in the circuit court clerk's office after the entry of the February 25, 2025, divorce judgment, and the circuit court construed that e-mail as a postjudgment motion. But, under the existing rules and orders of the Supreme Court of Alabama, a document cannot be "filed" by e-mailing it to a trial-court clerk's office. Thus, the wife's e-mail did not suspend the time to file a notice of appeal, and the wife had until April 8, 2025, to file a notice of appeal from the February 25, 2025, divorce judgment. The wife filed her notice of appeal on July 9, 2025. Therefore, we dismiss the wife's appeal as untimely.

2

Procedural History

The husband, acting pro se, filed a complaint for a divorce on April 8, 2024. The husband simultaneously filed, among other things, a handwritten settlement agreement providing, in part, that the wife would have "sole primary custody" of the child and that the husband would have visitation "when able to do so based on work schedule."

After the husband had commenced the underlying divorce action, the wife filed a child-custody action concerning the child in North Carolina. The respective testimony of the parties indicates that the North Carolina court dismissed the wife's child-custody action in deference to the underlying divorce action.

On July 30, 2024, the husband, represented by an attorney, filed a "notice of recission of handwritten agreement." That same day, the husband filed a "motion for pendente lite relief," requesting, among other things, sole physical custody of the child.

On October 2, 2024, the husband filed an amended complaint, requesting, among other things, sole physical custody of the child. Later that same day, the circuit court held a hearing and entered a pendente lite order awarding the parties joint legal and joint physical custody of

the child, with physical custody of the child alternating between the parties from month to month.

The circuit court held a hearing on February 12, 2025. The parties were instructed at the conclusion of that hearing to file proposed orders. The husband filed a proposed order, and the wife filed what appear to be screenshot images of a rental agreement for a house located in Virginia.

The circuit court subsequently entered the divorce judgment on February 25, 2025, essentially adopting the husband's proposed order in its entirety. Among other things, the circuit court awarded the husband sole physical custody of the child.

Later that same day, February 25, 2025, the wife sent an e-mail to Betty Lewis, an employee in the circuit-court clerk's office. The wife's e-mail to Lewis was "written in response to the [husband's] proposed order." The wife objected to the husband's proposed order on several grounds and asked the circuit court to "please consider all findings of this case be reviewed accuracy [sic] before making a ruling," even though the circuit court had already entered the February 25, 2025, divorce judgment.

Lewis forwarded a copy of the wife's e-mail to the circuit-court judge, noting that the wife's e-mail concerned the husband's proposed order and that the divorce judgment had already been entered. The circuit-court judge instructed Lewis to "have the case set for Motion to Set Aside Decree/[New] Trial." The case-action summary indicates that Lewis entered a "Motion to Reconsider" into the record on February 28, 2025. A copy of the wife's e-mail to Lewis was included in the record on appeal; however, the copy of the wife's e-mail lacks an electronic-filing stamp that would indicate that it was electronically filed using the AlaFile electronic-filing system or a physical stamp that would indicate that it was filed in person at the circuit-court clerk's office.

The circuit court entered an order on March 5, 2025, stating that the wife's "motion to reconsider … is hereby pending" and set a hearing for May 14, 2025. (Capitalization in original removed.) The wife subsequently sent another e-mail to Lewis on March 12, 2025, suggesting that the circuit court had set aside the divorce judgment when it entered the March 5, 2025, order. The wife requested that the circuit court "consider entering this motion until [the May 14, 2025, hearing]" so that the parties could continue the month-to-month joint-custody

5

arrangement under the pendente lite order. The circuit court entered an order on March 18, 2025, noting that it had treated the wife's March 12, 2025, e-mail to Lewis as a request to stay the enforcement of the divorce judgment, and it stayed the enforcement of the divorce judgment pending the May 14, 2025, hearing. That same day, for the first time in the matter, an attorney filed a notice of appearance on behalf of the wife.

During the May 14, 2025, hearing, the circuit-court judge noted that he had treated the wife's February 25, 2025, e-mail to Lewis as a "motion to reconsider." The wife's attorney argued during that hearing that, when the divorce action was commenced, Alabama was not the child's "home state" and that the circuit court lacked subject-matter jurisdiction to make an initial child-custody determination regarding the child under Alabama's version of the UCCJEA. The circuit court disagreed, stating that it had subject-matter jurisdiction to award custody of the child.[1]

---

[1]Although we do not reach the merits of the wife's arguments about the UCCJEA on appeal, we note that Alabama's version of the UCCJEA applies to a "child custody proceeding," which includes, but is not limited to, a child-custody action. See Ala. Code 1975, § 30-3B-102(4) (defining a "child custody proceeding" as: "A proceeding in a court in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse,

The circuit court subsequently entered an order "reset[ting]" the case for a hearing on August 18, 2025, and instructing the wife "to properly plead and file her claim."[2]

---

dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear." (emphasis added)). Thus, an Alabama trial court must have jurisdiction under Alabama's version of the UCCJEA to make a child-custody determination in a divorce action involving interstate issues, such as the underlying divorce action. See, e.g., Ex parte Cate, 303 So. 3d 142, 149 (Ala. Civ. App. 2020) (granting, in part, the mother's petition for a writ of mandamus so that the trial court could determine the issue of its jurisdiction to make a child-custody determination in a divorce action under Alabama's version of the UCCJEA ("The trial court's comments … indicate that it did not consider the various grounds under § 30-3B-201[, Ala. Code 1975,] in determining that it had jurisdiction over custody issues [in a divorce action]. Rather, those comments and the arguments of the parties indicate that the trial court relied solely on the father's apparent residence in Alabama for the six months preceding his commencement [of the divorce action when it concluded that it had jurisdiction over custody issues under § 30-2-5, Ala. Code 1975].")).

[2]The record indicates that the circuit court "reset" the case to allow the wife to file either a petition to modify the child's custody based on the custody-modification standard set forth in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), or a motion pursuant to Rule 60(b), Ala. R. Civ. P., regarding newly discovered evidence. Although the case was "reset" for another hearing, neither the filing of a petition to modify child custody nor a Rule 60(b) motion would affect the finality of the underlying judgment. Cf. T.J.H. v. S.N.F., 960 So. 2d 669, 673 (Ala. Civ. App. 2006) (holding that the trial court's order denying the father's petition to modify custody was a final judgment even though the trial court purported to grant the parties the right to move for a modification in the future without having to pay a civil docket fee); see Rule 60(b) ("A motion under

7

The wife filed a notice of appeal from the divorce judgment on July 9, 2025.

## Analysis

Although neither party has raised the issue, we can take notice of whether the wife's notice of appeal was timely filed because it implicates this court's appellate jurisdiction. Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court."). See Gunnison-Mack v. Alabama State Pers. Bd., 923 So. 2d 319, 320 (Ala. Civ. App. 2005) ("'"[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."'" (citations omitted)).

---

this subdivision does not affect the finality of a judgment or suspend its operation.").

The divorce judgment included the following provision indicating that it is a final judgment from which an appeal may be taken: "To the extent other relief has been requested by either party and not addressed or disposed of herein, such relief is denied. It is the intent of [the circuit court] that this Decree constitutes a full and final disposition of this litigation." Thus, the divorce judgment is a final judgment that would support an appeal because it adjudicated all disputed issues between the parties. See Quintana v. Quiroz, 313 So. 3d 1134, 1137 (Ala. Civ. App. 2020) ("'"'[A] final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants."'"'" (citations omitted)).

8

Generally, the first step in determining whether a notice of appeal was timely filed is to determine whether either party filed a postjudgment motion that suspended the running of the time to file a notice of appeal. Rule 4(a)(3), Ala. R. App. P. Under the unique facts and circumstances of this case, however, we must first address whether the wife's e-mail to Lewis satisfied the procedural requirements for the filing of a postjudgment motion and suspended the running of the time to file a notice of appeal. See SMM Gulf Coast, LLC v. Dade Cap. Corp., 311 So. 3d 736, 741 (Ala. 2020) ("[Q]uestions about the trial court's jurisdiction or the proper interpretation of the Alabama Rules of Civil Procedure are also questions of law subject to de novo review ....").

I.    <u>Whether the wife "filed" a postjudgment motion by sending an e-mail to Lewis</u>

Except as otherwise provided in the Alabama Rules of Civil Procedure, every written motion, including a postjudgment motion, must be served upon each of the parties and must be filed with the trial court. Ala. R. Civ. P. 5(a) and (d). Parties may "file" papers with the trial court by using one of several methods authorized by Rule 5:

> "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the

judge, in which event, the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A pleading, motion, order, or other document filed by electronic means <u>in accordance with an order or rules of the Supreme Court of Alabama</u> constitutes filing with the court for the purpose of applying these rules."

(Emphasis added.)

Naturally, a document sent to a trial-court clerk's office by e-mail is sent "by electronic means," but the current orders and rules of our supreme court that govern the electronic filing of documents in our trial-court system are clear: the only authorized method for electronically filing a document is to upload that document using the AlaFile electronic-filing system.

Electronically "filing" a document by e-mail is specifically prohibited by the "Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System" (Feb. 27, 2026) ("the electronic-filing policy manual"), https://efile.alacourt.gov/media/1118/administrative-policies-and-procedures-02-27-2026.pdf (https://perma.cc/CUS8-9YVF) (last visited May 14, 2026), see Ala. R. Jud. Admin. 44, which is considered an order of our supreme court. <u>Premier Choice Realty & Invs., Inc. v. Lumpkin,</u> [Ms. CL-2025-0749, Feb. 27, 2026] ___ So. 3d ___, ___ (Ala. Civ. App.

10

2026); <u>Seibert v. Fields</u>, 386 So. 3d 776, 780 (Ala. Civ. App. 2023); <u>Alabama Dep't of Revenue v. Frederick</u>, 166 So. 3d 123, 124 (Ala. Civ. App. 2014). The electronic-filing policy manual defines the term "electronic filing" to mean "uploading a document directly from the registered user's computer, using the court's internet-based system[, commonly referred to as AlaFile,] … to file that document in the court's case file. <u>Sending a document to the court via e-mail does not constitute 'electronic filing</u>.'" (Emphasis added.) Although not binding, the Committee Comments to Amendments to Rule 5, Ala. R. Civ. P., Effective October 24, 2008, also specifically proscribe "filing" documents by e-mail: "Electronic filing must be accomplished within the electronic-filing system established by order and rules of the Supreme Court of Alabama, [i.e., AlaFile,] <u>not merely by e-mail communication</u>." (Emphasis added.) This court has also noted that "in Alabama's court system … sending e-mail transmissions does not constitute filing." <u>Matthews v. City of Mobile</u>, 182 So. 3d 547, 550 (Ala. Civ. App. 2014)(comparing the method for electronically filing documents in the trial-court system to the lack of an electronic-filing system for disputes before the Mobile County Personnel Board).

11

Although we recognize that the wife was acting pro se when she sent the February 25, 2025, e-mail to Lewis, "it is well settled that '[r]ules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.' Lockett v. A.L. Sandlin Lumber Co., 588 So. 2d 889, 890 (Ala. Civ. App. 1991)." L.M. v. Shelby Cnty. Dep't of Hum. Res., 999 So. 2d 505, 507-08 (Ala. Civ. App. 2008) (dismissing appeal for failing to timely invoke this court's jurisdiction because the document purporting to be a notice of appeal from the juvenile court's judgment terminating the mother's parental rights was not "filed" when the mother, acting pro se, sent it to the juvenile-court clerk by facsimile transmission).

Based on the foregoing, we conclude that the existing rules and orders of our supreme court do not specifically authorize the electronic filing of a document by sending it to a trial-court clerk via e-mail. Cf. Ex parte Tuck, 622 So. 2d 929, 930 (Ala. 1993)(holding that documents sent to a trial-court clerk by facsimile transmission are not "filed" because "[t]he Alabama rules of court do not presently specifically authorize any 'filings,' either of notices of appeal or any other documents, by facsimile transmissions"). Thus, the wife did not effectively "file" a Rule 59(e), Ala.

12

R. Civ. P., postjudgment motion by sending an e-mail to the circuit-court clerk's office on February 25, 2025.

## II. Whether the wife's notice of appeal was timely filed

Except in circumstances that are inapplicable here, "the notice of appeal … shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from," Ala. R. App. P. 4(a)(1), but the filing of a Rule 59(e) postjudgment motion suspends the running of the time for filing a notice of appeal. Ala. R. App. P. 4(a)(3).

Because we have concluded in Section I, supra, that the wife did not electronically "file" a Rule 59(e) postjudgment motion by sending an e-mail to the circuit-court clerk's office on February 25, 2025, that e-mail did not suspend the time to file a notice of appeal from the divorce judgment.[3] Thus, the wife had 42 days from the date of the divorce judgment, or until April 8, 2025, to file a notice of appeal. The wife did

---

[3]The wife's March 12, 2025, e-mail to the circuit-court clerk's office, construed by the circuit court as a motion to stay the enforcement of the divorce judgment, also did not affect the timeliness of the wife's notice of appeal. See Ala. R. App. P. 4(a)(3) (providing that certain postjudgment motions suspend the running of the time for filing a notice of appeal but not including among such motions a motion to stay the enforcement of a judgment pursuant to Rule 62(b), Ala. R. Civ. P.).

not file the notice of appeal until July 9, 2025, or 134 days from the date of the divorce judgment. Therefore, the wife failed to timely invoke this court's appellate jurisdiction, and her appeal is due to be dismissed. See Ala. R. App. P. 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").

## Conclusion

Under the existing rules and orders of the Supreme Court of Alabama, a document cannot be "filed" by e-mailing it to a trial-court clerk's office. Thus, the mother's February 25, 2025, e-mail to the circuit-court clerk's office did not constitute the filing of a postjudgment motion and did not suspend the running of the time to file a notice of appeal from the divorce judgment. Therefore, the mother's notice of appeal was untimely and failed to invoke the appellate jurisdiction of this court.

APPEAL DISMISSED.

Edwards, Hanson, and Fridy, JJ., concur.

Moore, P.J., concurs in the result, without opinion.