**James Henderson Jr., Appellant,**

v.

**Navajo Board of Election Supervisors,
Appellee.
Decided October 22, 1998**

---

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and *HOLGATE (*sitting by designation), Associate Justices.

James Henderson Jr., Appellant *Pro se*, Window Rock, Navajo Nation (Arizona); and Steven Boos, Esq., Office of Legislative Counsel, Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

The issue presented is whether this appeal should be dismissed for lack of this Court's jurisdiction because the Appellant did not pay the reguired filing fee at the time he filed his notice of appeal and although the notice of appeal was stamped as filed on that date. We hold that this Court does not have jurisdiction over this appeal and dismiss the matter.

### I

The Navajo Board of Election Supervisors ("Appellee") made its final decision on James Henderson Jr.'s ("Appellant") statement of grievance on September 8, 1998. The Board notified the Appellant by certified letter that any appeal to this Court must be done within ten days of its decision. On September 18, 1998, the Appellant's wife hand carried his notice of appeal to the supreme court clerk's office. A deputy clerk on duty stamped the documents as filed on September 18, 1998. The clerk did not ask for a filing fee and the Appellant's wife did not tender one.

On September 21, 1998, the Appellant found out that he had to pay a filing fee and mailed it to the clerk. The filing fee was received on September 28, 1998 and, on that date, the supreme court clerk officially assigned the Appellant's case a docket number and recorded the appeal in the docket book. On October 7, 1998, the Appellee filed a motion to dismiss the appeal claiming that this Court

lacked jurisdiction due to the Appellant's failure to pay the required filing fee within the time set for filing the notice of appeal.

## II

It has been the rule of this Court for at least the last twenty years that an appeal is not considered filed until the filing fee has been paid. See Rule 2(a)-(d), Navajo Rules of Appellate Procedure (1978); and Rule 7(a)-(b), Navajo Rules of Civil Appellate Procedure (1987). Three items must be filed with this Court before a civil appeal can be docketed: 1) a notice of appeal; 2) a certified copy of the final decision being appealed; and 3) a filing fee. Rule 7(a), Navajo Rules of Civil Appellate Procedure; see also *LeCompte v. Redhair*, 7 Nav. R. 307, 309 (1997). Those three items must be filed with the court clerk within the time prescribed by law for filing the notice of appeal.

The requirements of Rules 7(a) and 7(b) of the Navajo Rules of Civil Appellate Procedure are jurisdictional. *Joe v. Atkins*, 6 Nav. R. 8 (1988). Therefore, if an Appellant does not file one or more of the items required by Rule 7(a), this Court does not have jurisdiction over the appeal at the outset. In this case, the Appellant did not pay the filing fee even though Rule 7(a) clearly states that it "must be paid at the time of filing" the notice of appeal. Obviously, the Appellant did not take the time to obtain a copy of the civil appellate rules and read them.

The Appellant claims that his failure to pay a filing fee at the time he filed his documents should be excused because the clerk on duty stamped his documents and did not advise him of the fee requirement. The Appellant claims the court clerk is at fault. Blaming a court clerk for neglecting one's own responsibility has not worked in the past and it will not work now. In the case of *Tome v. Navajo Nation*, 5 Nav. R. 14, 15 (1984), the Appellant presented a similar argument: His failure to file a certified copy of the trial court's final decision should be waived because the court clerk accepted his filing fee and the documents he tendered and did not advise him of any defects. The Court responded this way:

> The acceptance by a court of papers for filing is a clerical act. It provides a uniform and systematic method for parties to present pleadings to the court. It does not confer jurisdiction, remedy defects in pleadings, or waive any legal or procedural requirements.

*Id.* at 15. Here, the clerk's acts of accepting and stamping of the Appellant's documents do not remedy the Appellant's failure to pay a filing fee on time. Just like in *Tome*, the appeal in this case "was never properly begun because the [A]ppellant failed to comply with the requirements for originating an appeal. *Id.*

The Appellant, whether represented by counsel or not, has the "responsibility for compliance with the Appellate Rules on originating an appeal...." *Joe v. Atkins*, 6 Nav. R. at 9. The Appellant in this case is the litigant, not the court

clerk. Any litigant who is serious about his case will ensure that all of the court's jurisdictional requirements are satisfied. The fault therefore lies with the Appellant in this case, not the court clerk.

Furthermore, the Appellant, although appearing as a *pro se* litigant, is required to know the civil appellate rules. Litigants who choose to litigate their own cases are held to the same standards as those who are represented by counsel. A *pro se* litigant who errors on his case cannot later ask for a waiver claiming he is not an attorney and therefore did not know the law. That is simply a risk a party assumes when he or she decides to proceed as his or her own attorney.

Finally, the Appellant argues that Steven Boos, Esq., is not the official counsel for the Navajo Board of Election Supervisors, therefore, the motion to dismiss the appeal is invalid. The Appellant believes that the Navajo Nation Attorney General's office should have represented the Appellee. This argument has no merit. Mr. Boos' representation of the Board is proper.

## III

This Court does not have jurisdiction over this appeal. Accordingly, the Appellee's motion to dismiss is granted.