OPINION

On November 21, 2011, a pleading entitled Notice of Appeal/Writ of Injunction was presented to the Supreme Court for filing by Petitioner-Appellant pro se without a filing fee. Attached to the pleading was a copy of a Minute Entry and Order that had been entered by the Office of Hearings and Appeals (OHA). The pleading contained a request, on the basis of indigency, for this Court to review the actions taken by OHA without requiring payment of the $60.00 filing fee. We conclude that Petitioner-Appellant’s pleading must be dismissed for failure to comply with Rule 7(b) of the Navajo Rules of Civil Procedure, and clarify conditions under which indigency may be the basis for waivers in appeals and extraordinary writs.
It appears from the pleading that Petitioner-Appellant is appealing a civil matter from OHA and/or initiating an original civil action. This Court cannot be sure of the relief being requested because the pleading does not set forth its issues and prayer for relief with any measure of clarity. It is clear from the Minute Entry that there has not been a final decision from which an appeal may be taken. There is no such writ as a “writ of injunction.”[2] If another type of extraordinary writ is being requested, the basis for the writ has not been set forth with sufficient clarity for this Court to decipher what kind of alternative writ we should be considering. This Court appears to be called upon to engage in guesswork to figure out Peti *93 tioner-Appellant’s intent. Nevertheless, before we even reach the issue of whether this Court will engage in such guesswork in this case, there is the threshold issue of Petitioner-Appellant’s non-payment of the filing fee.
Petitioner-Appellant has asked this Court for leave to proceed in forma pau-peris, asserting that she is indigent yet submitting no supporting documentation. As this Court has never before considered such a request in a civil matter, we will address Petitioner-Appellant’s request as a matter of first impression.
Firstly, there is neither the entitlement to legal services nor to the waiver of filing fees in the appeal of civil matters or requests for extraordinary writs in civil matters on the Navajo Nation. Any entitlements for legal service or fee waivers arise from the Navajo Nation Bill of Rights, which provides, inter alia, that no person shall be denied the right “to have defense counsel appointed in accordance with the rules of the courts of the Navajo Nation upon satisfactory proof to the court of their inability to provide for their own counsel for the defense of any punishable offense under the laws of the Navajo Nation.” 1 N.N.C. § 7. In keeping with the Navajo Nation Bill of Rights, Rule 2 of the Navajo Rules of Appellate Procedure provides that a filing fee is not required for “an appeal from a criminal conviction or from a judgment of the Juvenile Court which would have constituted a criminal conviction in the case of an adult.” N.R.A.P. Rule 2. Additionally, specific procedures for the filing of habeas corpus petitions in criminal actions as set forth in N.R.A.P. Rule 14 require only the filing of a habeas corpus petition without the need to file a fee, due to the special circumstances of incarcerated individuals given their reduced access to records and money for filing fees. See Thompson v. Greyeyes, 8 Nav. R. 476, 484, 5 Am. Tribal Law 400 (Nav.Sup.Ct.2004).
Civil habeas petitions, as well as all other petitions for extraordinary writs whether civil or criminal, are governed by Rule 26 of the Navajo Rules of Civil Appellate Procedure. Id. The Court reasoned in Thompson that the filing fee is not required when habeas petitions are filed by incarcerated individuals due to their special circumstances. The Thompson rationale also means that juveniles detained in the justice system may have habeas petitions filed on their behalf without need to pay a filing fee. Otherwise, Rule 26(a) requires the filing of the “appropriate fee.” Similarly, pursuant to Rule 7 of the Navajo Rules of Civil Appellate Procedure, “all appeals shall originate by filing a written Notice of Appeal with the Clerk of the Supreme Court with a certified copy of the judgment, order, or administration decision being appealed, signed by the judge or hearing officer and dated, must be attached to the Notice of Appeal, and a filing fee must be paid at the time of filing.”
Specifically, N.R.C.A.P. Rule 7(b) requires that “[t]he Clerk shall not accept any appeal for filing and no appeal shall be considered filed until the filing fee has been paid and a copy of the final judgment has been attached.” Where not in conflict with 1 N.N.C. § 7 and specific procedural rules governing habeas petitions, we have stated that this rule is jurisdictional. See, e.g., Joe v. Atkins, et al., 6 Nav. R. 8 (Nav.Sup.Ct.1988); In re Navajo Nation Election Administration’s Determination of Insufficiency, 8 Am. Tribal Law 261 (Nav.Sup.Ct.2009); Yazzie v. Catron, 7 Nav. R. 399, 400, 2 Am. Tribal Law 456 (Nav.Sup.Ct.1999); Henderson v. Navajo Board of Election Supervisors, 7 Nav. R. 360, 361, 1 Am. Tribal Law 528 (Nav.Sup.Ct.1998).
*94 We note that the Navajo Nation Bill of Rights provides that no one shall be “deprived of life, liberty or property (by the Navajo Nation) without due process of law.” 1 N.N.C. § 3. When indigency is asserted, it is the individual’s access to due process services that is implicated. The present appellate filing fee on the Navajo Nation is sixty dollars, which is the same amount required for district court filings. We hold that this fee is not inordinately high as to prevent access to due process services via a civil appeal for areas protected under the Navajo Nation Bill of Rights. Therefore, there is no reason to disturb our precedents with regard to the jurisdictional effect of Rule 7(b).
We find that while individuals claiming their rights and freedoms under our Bill of Rights should not be denied access to the Supreme Court simply because he or she is unable to pay the fee, the protection of the public treasury and the cost of providing services must also be duly considered. The Navajo Nation Council has struck that balance by providing exceptions for appeals from judgments for punishable offenses, which necessarily includes habeas petitions by detained persons, in the Navajo Nation Bill of Rights. Furthermore, in our courts, strict proof of the individual’s inability to pay is required for pro bono representation in criminal cases. Individuals seeking to expand the exceptions by making a request to this Court are cautioned that we have never previously found circumstances justifying an exception to the jurisdictional rule in civil cases. While there may well be a set of circumstances implicating due process under the Navajo Nation Bill of Rights that would justify an exception, we have not been presented with such circumstances here, nor has the applicant submitted any proof of her inability to pay that would support such a waiver. Otherwise, further expansion of filing fee waivers or entitlements to pro bono representation beyond the narrow exceptions in current law are policy matters best left to the Navajo Nation Council.
In this case, Petitioner-Appellant simply asserted that she is indigent without providing any documentation to prove her indigency status. Additionally, we are unable to decipher with any measure of assurance what is being appealed and what remedy is being sought.
The Court DENIES the Petitioner-Appellant’s request under the circumstances.
The Clerk of the Supreme Court is hereby ORDERED to remove this improperly filed pleading from the Court’s official docket.
If Petitioner-Appellant wishes to re-file, the Court cautions her that OHA has clearly stated that no final decision has been issued in the litigation. This Court cannot accept interlocutory appeals (an appeal of a non-final judgment), nor grant an extraordinary writ as a mere alternative to the appeal process.
The Court further cautions the Petitioner-Appellant to comply with N.R.C.A.P. Rule 7 for appeals and Rule 26 for extraordinary writs as to the content required in a Notice of Appeal or petition for wi’it.
This docket matter is deemed CLOSED.

. There is no “writ of injunction” at the appellate level.